IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| OFFICE OF STRATEGIC SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 1:11-cv-195<br>) |
| STEVEN SADEGHIAN, et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

THIS MATTER comes before the Court on the Proposed Findings of Fact and Recommendations of the Magistrate Judge regarding the dissolution of U.S. Smoke and Fire Curtain, LLC ("Curtain").

An evidentiary hearing was held before the Magistrate Judge on October 2, 2014 and his Proposed Findings of Fact and Recommendations were issued on October 22, 2014.

The Magistrate Judge recommended the final accounting of Curtain proceed as follows:

   a) CYSA Development Management Corp.'s ("CYSA's") distribution: $104,701.04;

   b) Office of Strategic Services, Inc.'s ("OSS's") distribution: $110,399.04;

   c) Any monies received from Spilker Door, Inc. ("Spilker") be distributed 51 percent to CYSA and 49 percent to OSS;

    d) Any net recovery from Curtain's pending lawsuit against Bradley Lomas Electrolok Limited ("BLE") be distributed 51 percent to CYSA and 49 percent to OSS;

    e) The "Elevator Shield" trademark be assigned to OSS, and OSS be ordered to provide CYSA a non-assignable, royalty-free license to use the trademark; and

    f) Attorney's fees and costs be considered once a request has been presented.

OSS objects to the Magistrate Judge's recommendation that any net recovery received from Curtain's pending lawsuit against BLE be distributed based on ownership percentage, arguing a) the faithless servant doctrine bars Defendants from any recovery from BLE; and b) Curtain's claim should be assigned to OSS in order to ensure it will be pursued by an entity that survives the dissolution of Curtain.[1]

Defendants object to the Magistrate Judge's allocation of an additional $5,000 to OSS in order to account for funds improperly drawn from Curtain by CYSA in 2012. Defendants also object to the Magistrate Judge's disposition of the "Elevator Shield" trademark, arguing Virginia dissolution law "does not

---

[1] OSS also objects to CYSA receiving its portion of the $200,000 jury award, again citing the faithless servant doctrine. However, CYSA is not barred from receiving its proportional share of the $200,000 judgment during dissolution. Further, prior to the evidentiary hearing OSS properly listed the $200,000 judgment as a potential asset of Curtain. OSS further objects to the future use of Defendant's personal accountant to prepare Curtain's final tax return. This objection is prospective in nature and not ripe for consideration.

allow the court to distribute an asset to one member in one capacity, and then to another member in a different, inferior and limited capacity."

Based on a de novo review of the evidence in this case and the parties' objections, it appears to the Court that the Proposed Findings of Fact and Recommendations are neither clearly erroneous nor contrary to law, and should be affirmed and adopted by the Court. It is hereby

ORDERED that CYSA receive $104,701.04 of Curtain's hard assets; OSS receive $110,399.04 of Curtain's hard assets; any payments received from Spilker be distributed 51 percent to CYSA and 49 percent to OSS; any net recovery from Curtain's pending lawsuit against BLE be distributed 51 percent to CYSA and 49 percent to OSS; the "Elevator Shield" trademark be assigned to OSS; and OSS is ordered to provide CYSA a non-assignable, royalty-free license to use the "Elevator Shield" trademark.

Attorney fees and costs will be considered by this Court if and when they are requested.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February _4_, 2015